IN THE MATTER OF ISAAC M. MARSH AND OTHERS.

*Drainage of marsh lands — chap. 888, of 1869 — application for appointment of commissioners to appraise damages — Petition — contents of.*

10h 49
s 82 AD 574
s 82 AD 575
s 82 AD 577

Chapter 888 of 1869, in relation to the draining of certain swamp lands in the town of Southfield, provided that if the commissioners appointed thereunder, could not agree with any person as to the compensation for lands taken for making and maintaining ditches, they "should proceed to acquire title to the easement upon and across the lands of such person in the manner, so far as the same is applicable, prescribed by the general railroad law of 1850." *Held,* that the commissioners were not required to set forth in the petition, presented to the court for the appointment of commissioners to appraise damages, the existence of all the facts which were required by the statute to authorize their appointment, but that it rested upon the parties objecting thereto to allege and establish the non-existence of such facts.

*Matter of the N. Y. C. and H. R. R. R. Co.* (5 Hun, 86) followed.

APPEAL from an order appointing commissioners to appraise damages for the taking of certain lands under chapter 888, of 1869,

providing for the draining of certain swamp lands, in the town of Southfield and county of Richmond. .

*Winsor & Marsh*, for the appellant.

*G. J. Greenfield*, for the respondents.

DYKMAN, J.:

Under and in pursuance of the provisions of chapter 888 of the Laws of 1869, Isaac M. Marsh, Richard Christopher and George M. Root were appointed commissioners to drain the lands within a certain district in the town of Southfield, in the county of Richmond. This law provided that if the commissioners could not agree with any person upon the compensation and damage for the lands taken, for making and maintaining forever the necessary ditches and channels, they should proceed to acquire title to the easement upon and across the land of such person in the manner, so far as the same is applicable, prescribed by the general railroad law of 1850, and the acts amending the same, and for the purpose of acquiring such easement, under the statute, the commissioners were given the powers granted to railroad corporations under the railroad law, so far as was necessary to acquire title to the easement, and no further.

Under this provision the commissioners presented a petition to the Supreme Court at Special Term, dated June 10th, 1875, in which they stated that in the prosecution of the work of drainage it had become necessary to lay drains and channels for the passage of water over and upon the lands of various persons, and to obtain the easement for working such drains and channels over these lands, and that, among others, it had become necessary to obtain such easement over and upon the several lots and premises described in the petition, and that the commissioners had been unable to agree with the owners of the lands upon the compensation and damages for making and maintaining such drains and channels. The petition then set out a particular description of the lands and premises upon which the easements were sought to be acquired, and prayed for the appointment of three commissioners to ascertain and appraise the compensation to be made to the owners or persons interested in the real estate, upon and across which the said drains or channels were to be laid.

After a delay of more than one year the court made an order upon this petition, appointing three disinterested and competent freeholders residing in the county of Richmond commissioners, in pursuance of the prayer thereof, to ascertain and appraise the compensation which ought to be made to the owners and persons interested in the lands mentioned and described in the petition. This appeal is from that order, and is brought and presented, on the ground that the petition does not set out the proceedings of the drainage commissioners previous to the presentation of the petition. The position of the appellants seems to be that the petition must allege the performance of every act or thing, necessary to be done by the commissioners under the law; that all these must be alleged as traversable facts, and must be proved as alleged.

We agree fully that every thing required to be done by these statutes, must be done strictly in accordance with their requirements. The right of eminent domain is a high prerogative right, to be exercised only by the sovereign power, either by a direct act or by the delegation of its power, and, when the power is delegated, it must plainly appear, and nothing must be taken by implication. When the legislature provides that a private individual may be divested of his title to his property for public purposes in a particular way, the particular requirements must all be complied with, and the particular steps necessary must all be taken. Admitting all this, however, we do not see how the appellants are to derive any benefit from these rules. It is very true that many things are required by the statute to be done, before these commissioners can make an application to the court for the appointment of commissioners, to determine the compensation to be paid to the landowners; but there is no requirement that all these things shall be stated in the petition for their appointment. So, many things are required to be done by a railroad company, before any application can be made to the courts for the appointment of commissioners to appraise the damages for the lands proposed to be taken. The petition is simply the foundation of the jurisdiction of the court to appoint the appraisers, and notice is required to be given of the time and place of its presentation to all persons whose estates or interests are to be affected by the proceedings, to the end that they may come in and show cause against granting the prayer of the

petition, and disprove any of the facts alleged in it; they are not confined to disproving the facts alleged in the petition, but may show any cause against granting the prayer. If no cause is shown, then the prayer is granted, of course, not because the petition sets out every thing that has been done, but because no one shows any cause against granting the prayer, and the court assumes that there is none. The statute throws the burden of proof upon the objector; cause must be shown against granting the prayer. (*Matter of New York Central and Hudson River Railroad Company*, 5 Hun, 86.)

In this case, no cause was shown at all. The petition was presented, with proof of service, on all persons interested. No cause was shown, and the prayer of the petition was granted. The court could do nothing less. The land-owners might have appeared at the presentation of the petition and shown any failure to comply with the requirements of the law, either in respect to the matters stated in the petition or otherwise, and then the court would have refused to make the appointment until the law had been fulfilled. Not having done so, this appeal presents nothing to be corrected by this court, and the order appealed from must be affirmed, with costs and disbursements.

BARNARD, P. J., concurred. GILBERT, J., not sitting.

Order affirmed, with costs and disbursements.